1  **STEVEN J. ROTHANS – State Bar No. 106579**
**MARK D. RUTTER – State Bar No. 058194**
2  **JUSTIN READE SARNO – State Bar No. 229803**
**CARPENTER, ROTHANS & DUMONT**
3  **888 South Figueroa, Suite 1960**
**Los Angeles, CA  90017**
4  **(213) 228-0400**
**(213) 228-0401 [Fax]**
5  **srothans@crdlaw.com/mrutter@crdlaw.com/jsarno@crdlaw.com**

6  Attorneys for Defendant, CITY OF CULVER CITY, a public entity

7

8

9              **UNITED STATES DISTRICT COURT**

10              **CENTRAL DISTRICT OF CALIFORNIA**

11

12  EDWARDO RAMOS,                     ) Case No.:  CV 07-4706 PA (JCx)
                                       )
13              Plaintiff,             ) **REPLY TO PLAINTIFF'S**
                                       ) **OPPOSITION TO MOTION TO SET**
14  vs.                                ) **ASIDE DEFAULT ENTERED**
                                       ) **AGAINST CHIEF JOHN**
15                                     ) **MONTANIO; MEMORANDUM OF**
    THE CITY OF CULVER CITY, JOHN      ) **POINTS AND AUTHORITIES IN**
16  MONTANIO, ADAM TREANOR,            ) **SUPPORT THEREOF**
    CHARLES KOFFMAN, ANDREW            )
17  BELLANTE, MARCUS COLEN,            ) **[F.R.C.P., Rule 55(c)]**
    BRIAN HEMPEL, CURTIS MASSEY        )
18  AND DOES 1 THROUGH 10,             ) DATE:          January 14, 2008
                                       ) TIME:          1:30 A.M.
19                                     ) COURTROOM:  "15"
                                       )
20              Defendants             ) **United States District Court Judge**
                                       ) **Honorable Percy Anderson**
21                                     )
                                       )
22                                     )
                                       )
23  ─────────────────────────────────  )

24       COMES NOW Defendant CITY OF CULVER CITY, a public entity, and

25  hereby submits its Reply to Plaintiff EDWARDO RAMOS' Opposition to

26  Defendant's Motion to Set Aside Entry of Default against CHIEF JOHN

27  MONTANIO.  Said default was entered by this Honorable Court on November 27,

28  2007.

LAW OFFICES OF
**CARPENTER, ROTHANS & DUMONT**
888 S. FIGUEROA STREET
SUITE 1960
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 228-0400
FACSIMILE (213) 228-0401

1    DATED:  January 8, 2008              CARPENTER, ROTHANS & DUMONT
2
3                                         By: _____
4                                             STEVEN J. ROTHANS
5                                             MARK D. RUTTER
                                              JUSTIN READE SARNO
6                                             Attorneys for Defendant,
7                                             CITY OF CULVER CITY,
                                              a public entity
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES OF
CARPENTER, ROTHANS & DUMONT
888 S. FIGUEROA STREET
SUITE 1960
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 234-9400
FACSIMILE (213) 235-5401

- 2 -

.

# MEMORANDUM OF POINTS AND AUTHORITIES

LAW OFFICES OF
CARPENTER, ROTHANS & DUMONT
888 S. FIGUEROA STREET
SUITE 1960
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 228-0400
FACSIMILE (213) 228-0401

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

The basis for Defendant's motion is simple.  The facts and evidence disclose that former CHIEF JOHN MONTANIO **was not an employee of the Culver City Police Department** at the time that Plaintiff's process server allegedly effectuated substitute service at CCPD.  As a result, it is irrelevant – as Plaintiff maintains steadfastly – that Lt. Dave Tankenson received a copy of the Summons and Complaint relative to MONTANIO, as he was not "an agent authorized by appointment or by law to receive service of process," pursuant to F.R.C.P., Rule 4(d)(1).

Remarkably, Plaintiff fails to address this important point altogether in his Opposition papers.  Instead, Plaintiff opines – rather confusedly -- that defense counsel "chose to ignore service of process" and has adopted a legal strategy of both silence and evasiveness.  To the contrary, Defendants have not lodged an answer/response on behalf of CHIEF JOHN MONTANIO because (a) he is not an employee of the CCPD; and (b) he has not been validly served (via personal or substitute service, respectively).

In fact, Plaintiff even goes so far as to provide documentary evidence that Montanio purportedly offered deposition testimony in the State of California in separate litigation back in May and June of 2007.  Further, Plaintiff presents evidence from Lexis.com that CHIEF JOHN MONTANIO can be presumably located in the City of Los Angeles.  If so, this all begs the question to defense counsel and to this Honorable Court as *to why Plaintiff has not attempted "reasonably" to PERSONALLY SERVE Montanio, in light of Plaintiff's apparent investigatory diligence.*  Far from any dubious legal strategies to avoid litigation, or some other form of improper conduct as Plaintiff has preposterously alluded to, Defendant CITY OF CULVER CITY simply has not responded on behalf of CHIEF JOHN MONTANIO because he is no longer an employee of the Culver

- 1 -

1  City Police Department, and because Lt. Dave Tankenson could not have accepted

2  service on behalf of a former employee under the circumstances.

3

4  **I.**      **STATEMENT OF LAW**

5        **A.**      **UNDER FRCP 4(D)(1), A COPY OF THE SUMMONS AND**

6                    **COMPLAINT WAS NOT DELIVERED TO AN AGENT**

7                    **AUTHORIZED BY APPOINTMENT OR BY LAW TO**

8                    **RECEIVE SERVICE OF PROCESS.**

9              Plaintiff's argument on this issue is not only devoid of merit, but it is plainly

10  contradicted by the *Federal Rules of Civil Procedure,* and all applicable state laws

11  concerning service of process.  Plaintiff maintains that CHIEF JOHN

12  MONTANIO was validly served via "substitute service" due to the fact that his

13  process server left a copy of the Summons and Complaint with Lt. Dave

14  Tankenson of the Culver City Police Department on or about October 23, 2007.

15              However, the facts and evidence brought before this Honorable Court

16  demonstrate that, at the date and time of purported service, **CHIEF JOHN**

17  **MONTANIO was no longer an employee of the Culver City Police**

18  **Department.**  In fact, MONTANIO had not been employed by the CCPD **since**

19  **December 2005.**  [See e.g., Declaration of Lt. Tankenson, ¶ 7].

20              A person is not bound by a judgment in a litigation to which he or she has

21  not been made a party by service of process.  Yniguez v. Arizona, 939 F.2d 727,

22  735 (9th Cir. 1991) (*quoting* Hansberry v. Lee, 311 U.S. 32, 40 (1940)).

23              Fed.R.Civ.P. 4(d)(1) provides for service upon an individual "by delivering

24  a copy of the summons and of the complaint to the individual personally or by

25  leaving copies thereof at the individual's dwelling house of usual place of abode

26  with some person of suitable age and discretion then residing therein or by

27  delivering a copy of the summons and of the complaint to an agent authorized by

28  appointment or by law to receive service of process." See e.g., FED. R. CIV. PROC.,

LAW OFFICES OF
CARPENTER, ROTHANS & DUMONT
888 S. FIGUEROA STREET
SUITE 1960
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 228-0400
FACSIMILE (213) 228-0401

- 2 -

1   Rule 4(d)(1).

2

3   **B.      PLAINTIFF HAS NOT COMPLIED WITH THE F.R.C.P.**

4           **WITH REGARD TO SERVICE OF PROCESS.**

5   Titled "Setting aside default", Fed. R. Civ. P. 55(c) provides:

6           "For good cause shown the court may set aside an entry of

7           default and, if a judgment by default has been entered, may

8           likewise set it aside in accordance with Rule 60(b)."  FRCP

9           55(c).

10  First and foremost, it Defendant's contention that good cause exists for the

11  setting aside of the default entered against CHIEF JOHN MONTANIO, as the

12  evidence – including the Declaration of LT. DAVE TANKENSON – establishes

13  that Plaintiff has failed to effect proper service of process on CHIEF JOHN

14  MONTANIO.

15  Contrary to Plaintiff's bald assertions, there has been no compliance with

16  Rule 4 of the *Federal Rules of Civil Procedure.*  Specifically, absent from the

17  Proofs of Service is any mention that CHIEF JOHN MONTANIO was ever served.

18  Instead, the Proofs of Service states that service was effectuated on LT. DAVE

19  TANKENSON (allegedly "authorized to accept service") on or about October 24,

20  2007.  Clearly, at best, the Proofs of Service suggest that there was an attempt at

21  "substitute service."  Moreover, per the Declaration of LT. DAVE TANKENSON,

22  as attached to the instant Motion, he was never "authorized" to accept service on

23  behalf of former CHIEF JOHN MONTANIO, due to the fact that on October 23,

24  2007, MONTANIO was not an employee of the City of Culver City Police

25  Department, nor was MONTANIO even in the country.  [See e.g., Declaration of

26  LT. DAVE TANKENSON attached hereto].  In fact, **CHIEF JOHN MONTANIO**

27  **stepped down as Chief of Police for Culver City in December 2005.**  Id. at ¶ 7.

28  ///

LAW OFFICES OF

**CARPENTER, ROTHANS & DUMONT**

888 S. FIGUEROA STREET
SUITE 1960
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 228-0400
FACSIMILE (213) 228-0401

- 3 -

1    Furthermore, as evidenced by the Declaration of LT. DAVE TANKENSON,

2  Plaintiff's process server failed to effectuate proper service on CHIEF JOHN

3  MONTANIO.  While Defendant CITY OF CULVER CITY maintains that there

4  was no attempt at substitute service in the first instance, it is further contended that

5  copies of the Summons and Complaint were *never* mailed (at any time) to the

6  CHIEF JOHN MONTANIO – and Plaintiff never refutes this point anywhere in

7  his moving papers.

8

9    **C.    THE INSTANT MOTION FOR RELIEF WAS MADE**

10          **PROMPTLY AND NO PREJUDICE WILL RESULT FROM**

11          **GRANTING RELIEF.**

12    The record demonstrates that Defendant CITY OF CULVER CITY has

13  acted with "due diligence" in seeking to set aside the default entered in this action.

14  The entry of default was not discovered until November 29, 2007.  It was at this

15  time that counsel for Defendants, Mr. Justin Reade Sarno, Esq., quickly dispatched

16  correspondence to Plaintiff's counsel indicating that CHIEF JOHN MONTANIO

17  was not employed by the City of Culver City at the time of alleged service, and

18  that MONTANIO was out of the country somewhere in the Far East.

19    As such, Mr. Sarno indicated that service was defective under the *Federal*

20  *Rules of Civil Procedure,* and specifically Rule 4.  [See Declaration of Justin

21  Reade Sarno, Esq., and Exhibit "B" attached to the original moving papers].

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

LAW OFFICES OF
CARPENTER, ROTHANS & DUMONT
888 S. FIGUEROA STREET
SUITE 1960
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 228-0400
FACSIMILE (213) 228-0401

- 4 -

**II.**   **CONCLUSION**

Based on the foregoing, Defendant CITY OF CULVER CITY, a public entity, hereby requests that the Court grant the instant Motion to set aside the Default entered against former CHIEF JOHN MONTANIO on November 27, 2007.

DATED:  January 8, 2008              CARPENTER, ROTHANS & DUMONT

By: _____
STEVEN J. ROTHANS
MARK D. RUTTER
JUSTIN READE SARNO
Attorneys for Defendant,
CITY OF CULVER CITY,
a public entity

REPLY TO OPPOSITION TO MOTION TO SET ASIDE ENTRY OF DEFAULT

LAW OFFICES OF
CARPENTER, ROTHANS & DUMONT
888 S. FIGUEROA STREET
SUITE 1960
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 228-0400
FACSIMILE (213) 228-0401

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen and not a party to the within entitled action.  My business address is 888 South Figueroa Street, Suite 1960, Los Angeles, California 90017.

On January 8, 2008, I served the foregoing document(s) described as:

**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO SET ASIDE DEFAULT ENTERED AGAINST CHIEF JOHN MONTANIO; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

upon the interested parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed to the following persons:

Olu K. Orange, Esq.
ORANGE LAW OFFICES
3435 Wilshire Blvd., Suite 2900
Los Angeles, CA 90010
*Attorneys for Plaintiff EDWARDO RAMOS*

**BY MAIL**

  X   I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

  X   I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

     Executed on January 8, 2008, at Los Angeles, California.

**FEDERAL**

  X   I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Sylvia Jiminez

_____
(Signature)

- 1 -