SEND

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-4706 PA (JCx) | Date | January 14, 2008 |
|---|---|---|---|
| Title | Edwardo Ramos v. City of Culver City, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| C. Kevin Reddick | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**    IN CHAMBERS

    Before the Court is a Motion to Set Aside Default filed on behalf of defendant John Montanio ("Montanio") (Docket No. 32).  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for January 14, 2008, is vacated, and the matter taken off calendar.

    Plaintiff Edwardo Ramos ("Plaintiff") attempted to serve Montanio, the former Chief of the Culver City Police Department, by delivering a copy of the Summons and Complaint to the Culver City Police Department on October 23, 2007.  According to the process server, Culver City Police Department Lieutenant Dave Tankenson, stated that he was authorized to accept service on Montanio's behalf.  Based upon that service, and after Montanio failed to appear in this action within the requisite period of time, Plaintiff requested that Montanio's default be entered.  The Clerk entered Montanio's default on November 27, 2007.

    Culver City, which has appeared on behalf of itself and the other named defendants, then filed this Motion to Set Aside Default.  Culver City argues that because Montanio left the Culver City Police Department in December 2005 and Lt. Tankenson was not authorized to accept service on Montanio's behalf, Montanio has not been properly served under either the Federal Rules of Civil Procedure or the applicable state law requirements.  In addition to relief from the default, Culver City seeks sanctions against Plaintiff's counsel for improperly obtaining the default and refusing to voluntarily stipulate to set aside the default.

    Federal Rule of Civil Procedure 55(c) provides that a court may set aside the entry of a default "[f]or good cause shown."  "The 'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)." Franchise Holding II, LLC v. Huntington Restaurants Group, Inc., 375 F.3d 922, 925 (9th Cir. 2004).  As a result, in determining whether to vacate the entry of a default or a default judgment, the district court should consider "whether the defendant's culpable conduct led to the default; whether the defendant has a meritorious defense; and whether reopening the default . . . would prejudice the plaintiff." TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001).  "This tripartite test is disjunctive.  Hence, the trial court's denial of a motion to vacate a default judgment will be affirmed if the defendant's own culpable conduct prompted the default." In re Hammer, 940 F.2d 524, 526 (9th Cir.

**SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-4706 PA (JCx) | Date | January 14, 2008 |
|---|---|---|---|
| Title | Edwardo Ramos v. City of Culver City, et al. | | |

1991) (citations omitted).  The party seeking to vacate a default judgment bears the burden of demonstrating that the factors favor vacating the default.  <u>TCI Group Life Ins. Plan</u>, 244 F.3d at 696.

     Although motions for relief from entry of default under Rule 55(c) apply the same "good cause" standard as motions to vacate default judgments, the Ninth Circuit "recognize[s] that the standards for setting aside entry of default under Rule 55(c) are less rigorous than those for setting aside a default."  <u>Hawaii Carpenters' Trust Funds v. Stone</u>, 794 F.2d 508, 513 (9th Cir. 1986).  The Ninth Circuit has emphasized that default judgments are "'appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'  Put another way, where there has been no merits decision, appropriate exercise of district court discretion under Rule 60(b) requires that the finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute."  <u>TCI Group Life Ins. Plan</u>, 244 F.3d at 696 (quoting Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984)).

     In light of the evidence that Lt. Tankenson was not authorized to accept service on Montanio's behalf, Plaintiff does not seriously dispute that Montanio has not been properly served.  Given the Ninth Circuit's preference for disposing of cases on the merits, the balance of factors in this case favors the setting aside of the entry of default.  The Court therefore grants the Motion and sets aside the default entered against Montanio on November 27, 2007.  The Court finds, however, that the imposition of sanctions is not warranted.

     Plaintiff is ordered to show cause in writing on or before January 28, 2008, why his claims against Montanio should not be dismissed without prejudice for failure to serve the Summons and Complaint on him within 120 days.  Fed. R. Civ. P. 4(m).  A proof of service indicating that Montanio has been properly served prior to January 28, 2008 will be deemed a sufficient response to the order to show cause.  Failure to sufficiently respond to the order to show cause may result in the dismissal of Plaintiff's claims against Montanio without prejudice.  The order to show cause will stand submitted upon the filing of Plaintiff's response.

     IT IS SO ORDERED.

                                                                                                                                                                                                                                       :

Initials of Preparer