STEVEN J. ROTHANS – State Bar No. 106579
JUSTIN READE SARNO – State Bar No. 229803
CARPENTER, ROTHANS & DUMONT
888 S. Figueroa Street, Suite 1960
Los Angeles, CA 90017
(213) 228-0400
(213) 228-0401 [fax]
srothans@crdlaw.com/jsarno@crdlaw.com

Attorneys for Defendant, CITY OF CULVER CITY, a public entity

LAW OFFICES OF
CARPENTER, ROTHANS & DUMONT
888 S. FIGUEROA STREET
SUITE 1960
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 228-0400
FACSIMILE (213) 228-0401

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

EDWARDO RAMOS,

    Plaintiff,

vs.

THE CITY OF CULVER CITY, JOHN
MONTANIO, ADAM TREANOR,
CHARLES KOFFMAN, ANDREW
BELLANTE, MARCUS COLEN,
BRIAN HEMPEL, CURTIS MASSEY
AND DOES 1 THROUGH 10

    Defendants.

Case No.:  CV 07-4706 PA (JCx)

**DECLARATION OF OFFICER
MARC YOUNG IN SUPPORT OF
DEFENDANT CITY OF CULVER
CITY'S SUPPLEMENTAL BRIEF
RE: PLAINTIFF EDWARDO
RAMOS' REQUEST FOR
PRODUCTION OF DOCUMENTS
[SET ONE]**

**United States District Court Judge
Honorable Percy Anderson**

Magistrate Judge
Honorable Jacqueline Chooljian

I, OFFICER MARC YOUNG, declare that:

    1.    I am currently an officer with the Culver City Police Department, and have been employed as a peace officer for the past twenty-one (21) years.

    2.    This Declaration is made with respect to the requested production of certain documents within the Culver City Police Department (hereinafter "CCPD") records database, including, but not limited to documents concerning police reports, arrest reports, or crime reports relating to OFFICER ADAM TREANOR, OFFICER CHARLES KOFFMAN, OFFICER ANDREW BELLANTE, OFFICER

- 1 -

LAW OFFICES OF
CARPENTER, ROTHANS & DUMONT
888 S. FIGUEROA STREET
SUITE 1960
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 228-0400
FACSIMILE (213) 228-0401

1 MARCUS COLEN, OFFICER BRIAN HEMPEL, and SGT. CURTIS MASSEY,

2 in the civil action entitled Edwardo Ramos v. City of Culver City, et al., bearing

3 case number CV 07-4706 PA (JCx).

4     3.    The following facts are stated from my personal knowledge, except

5 those facts stated on information and belief which I believe to be true, and if called

6 as a witness, I could and would so competently testify thereto under oath.

7     4.    While not a database "expert," I have personal knowledge of the

8 CCPD records database that is currently in use and operation, along with its search

9 and retrieval capabilities, as I  presently serve as a Computer Systems and Alarm

10 Ordinance Administrator in the Scientific Services Section/Computer Services

11 Unit for the Culver City Police Department.

12     5.    I am currently the only employee of the Culver City Police

13 Department handling all matters concerning computer services and information

14 technology issues.

15     6.    I have read and reviewed the Court's Minute Order, dated March 21,

16 2008, in which the Court requested Defendants to provide specific information

17 regarding a document request that has been made by Plaintiff EDWARDO

18 RAMOS in this litigation (i.e., Request No. 5 of Plaintiff's Request for Production

19 of Documents).

20     7.    After reading the *very broad language* of Request No. 5, as well as

21 the Court's Minute Order, it is my understanding that Plaintiff RAMOS seeks the

22 production of all CCPD incident reports – i.e., arrest or crime reports – for the past

23 seven (7) years, regarding any instances where the individual defendants may have

24 been named or referenced; and where there is any reference to an "arrest" or

25 "detention"; and where there is any reference to an "injury" or "medical treatment"

26 to any person/victim.

27     8.    It is my understanding that the individual officers named in the instant

28 lawsuit, and referenced in Request No. 5, consist of the following: OFFICER

LAW OFFICES OF
CARPENTER, ROTHANS & DUMONT
888 S. FIGUEROA STREET
SUITE 1960
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 228-0400
FACSIMILE (213) 228-0401

1  ADAM TREANOR, OFFICER CHARLES KOFFMAN, OFFICER ANDREW

2  BELLANTE, OFFICER MARCUS COLEN, OFFICER BRIAN HEMPEL, and

3  SGT. CURTIS MASSEY.

4      9.  As a factual matter, Plaintiff's Request No. 5 is exceptionally

5  burdensome under the circumstances.  This asserted burden is based upon several

6  factors, as shall be set forth as follows.

7      10.  The CCPD records database does permit an officer's name, or an

8  individual's name, to be entered in order to conduct a search of its incident reports.

9      11.  A customized report would then have to be generated, which reflects

10 all search results obtained relative to a particular individual, or officer's name.

11     12.  Once a customized report is generated, to my knowledge there is no

12 simplified, automated process in place in which to search the contents of the

13 individual incident reports that it identifies.  Instead, in order to ascertain the

14 specific contents of the reports, one would have to **manually investigate and read**

15 **each and every incident report** on screen that the custom report identifies.

16     13.  In this regard, it is important to note that CCPD's records database

17 <u>does not permit</u> a global search of its contents based upon whether a generalized

18 "arrest" or "detention" occurred.  Second, CCPD's records database <u>does not</u>

19 <u>permit</u> a global search of its contents based upon generalized search terms such as

20 "injury" or the receipt of "medical treatment."  Such information could only be

21 obtained by performing a manual "key word" search of the contents of individual

22 reports once they are individually opened and accessed, or by custom written

23 programmatic scripts of which I am not proficient.

24     14.  As a result, the only way to satisfy Plaintiff's Request No. 5 would be

25 to generate customized reports for each of the named officers, for the past seven

26 years, and **manually access each and every report** that has been generated.  This

27 would require a manual target search ("word search" of) each report based on the

28 requested criteria -- *i.e.,* the word "detention," and then the words "injury" or

DECLARATION OF OFFICER MARC YOUNG

1    "medical treatment." In terms of "arrests," that information may also be

2    determined by searching for entries within an arrest database table associated with

3    a given incident report.

4        15.    It is also important to note that generating the customized reports does

5    not reflect *all instances* in which an officer may be mentioned or referenced in a

6    report. Such information could only be gleaned by <u>manually searching</u> through the

7    contents of <u>every single report</u> generated and/or by manually searching through the

8    related database, during a defined temporal period.

9        16.    It is my understanding that, in its Minute Order of March 21, 2008,

10   the Court requested information regarding "the approximate number and

11   approximate average volume of CCPD arrest/incident reports generated between

12   July 22, 2001 and July 22, 2006 (or if more readily accessible between January 1,

13   2001 and December 31, 2006), *broken down by year.*"

14       17.    The difficulty in ascertaining this information is that reports within

15   the control and custody of the Culver City Police Department are routinely divided

16   into categories of reports, of which one group contains DR numbers ("daily

17   report") and other reports consist of incident reports without official DR numbers.

18       18.    After a review of the CCPD records database, I determined that the

19   approximate number and approximate average volume of CCPD reports that are

20   assigned "DR" numbers, from the years 2001 to 2006, is approximately **44,900.**

21   Broken down by year, this would mean that there are approximately 9,000 reports

22   generated each year (2001 to 2006) that are identifiable by DR number.

23       19.    Critically, this statistic does not account for other types of database

24   associations that may have been generated during this requested period of time.

25   Queries of this type complicate the process, in terms of requiring multiple searches

26   of multiple databases. To date, I have not queried or calculated CCPD's current

27   record volume with respect to general, non DR-numbered reports.

28       20.    Without reviewing each of these reports manually, it would be

LAW OFFICES OF
CARPENTER, ROTHANS & DUMONT
888 S. FIGUEROA STREET
SUITE 1960
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 228-0400
FACSIMILE (213) 228-0401

- 4 -

LAW OFFICES OF
CARPENTER, ROTHANS & DUMONT
888 S. FIGUEROA STREET
SUITE 1960
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 228-0400
FACSIMILE (213) 228-0401

1    impossible to determine (or estimate for the Court) how many of these 45,000+

2    DR-related incident reports are generated, signed, or approved by a "single CCPD

3    officer/supervisor," because it is quite typical that all reports are in fact reviewed,

4    authorized, and signed off by at least two (2) officers.  Therefore, such information

5    could only be gleaned by performing a manual search (word search or hand search

6    through physical documents) of all 45,000+ DR reports, in an effort to ascertain

7    whether the report was signed by one or more officers.  In an effort to complete a

8    comprehensive investigation, this same process would then have to be **manually**

9    **repeated** for the innumerable number of non DR-numbered incident reports that

10   may also exist on separate CCPD databases.

11        21.    As a result of all of the factors outlined above, I do not have a

12   accurate estimate of the amount of time it would take to isolate/retrieve each such

13   category of reports.  It is my suspicion, given the volume of reports in existence

14   (based on a conservative estimate of approximately 45,000+ total DR-numbered

15   reports), that such an effort could take in excess of two (2) months.  This estimate

16   of time is based upon the fact that I am the only individual at CCPD responsible

17   for IT and database matters.  Furthermore, such an effort would invariably require

18   the assistance of numerous other IT employees from the City of Culver City, given

19   my limited resources at CCPD.

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

- 5 -

LAW OFFICES OF
CARPENTER, ROTHANS & DUMONT
888 S. FIGUEROA STREET
SUITE 1960
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 228-0400
FACSIMILE (213) 228-0401

1    22.    I cannot estimate the time that it would take to conduct a

2  manual/relevant key word search of a single CCPD arrest/incident report of

3  "average length," especially in light of the generalized and vague search criteria

4  contained in Plaintiff's request.  Each review would vary significantly on an

5  incident report by incident report basis, depending on the length of the narrative

6  report in question.

7    I declare under penalty of perjury that the foregoing is true and correct.

8  Executed this 25th day of March, 2008, at Culver City, California.

OFFICER MARC YOUNG - Declarant

LAW OFFICES OF
**CARPENTER, ROTHANS & DUMONT**
888 S. FIGUEROA STREET
SUITE 1960
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 228-0400
FACSIMILE (213) 228-0401

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen and not a party to the within entitled action.  My business address is 888 South Figueroa Street, Suite 1960, Los Angeles, California 90017.

On March 26, 2008, I served the foregoing document(s) described as:

**DECLARATION OF OFFICER MARC YOUNG IN SUPPORT OF DEFENDANT CITY OF CULVER CITY'S SUPPLEMENTAL BRIEF RE: PLAINTIFF EDWARDO RAMOS' REQUEST FOR PRODUCTION OF DOCUMENTS [SET ONE]**

upon the interested parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed to the following persons:

Olu K. Orange, Esq.
ORANGE LAW OFFICES
3435 Wilshire Blvd., Suite 2900
Los Angeles, CA 90010
*Attorneys for Plaintiff EDWARDO RAMOS*

**BY MAIL & E-MAIL TRANSMISSION (o.orange@orangelawoffices.com)**

  __X__   I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

  __X__   I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on March 26, 2008, at Los Angeles, California.

**FEDERAL**

  __X__   I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Justin Reade Sarno


(Signature)