# EXHIBIT "A"

750.15 THE USE OF FORCE

It is the policy of this Department that officers shall use only that force which is reasonable, given the facts and circumstances known and available to the officer at the time of the event to effectively bring the incident under control.

"Reasonableness" of the use of force must be judged from the perspective of a reasonable officer on the scene at the time of the incident.

California Penal Code Section 835a provides that:

Any peace officer who has reasonable cause to believe that the person to be arrested has committed a public offense may use reasonable force to effect the arrest, to prevent escape or overcome resistance. A peace officer who makes or attempts to make an arrest need not retreat or desist from his efforts by reason of resistance or threatened resistance of the person being arrested; nor shall such officer be deemed an aggressor or lose his right to effect the arrest or to prevent escape or to overcome resistance.

The Department recognizes that building flexibility into an officer's determination of the appropriate use of force is advisable and acceptable -- if not essential -- given that the standard for evaluating an officer's use of force is reasonableness under the facts and circumstances known to the officer at the time.

a. A number of factors are taken into consideration when an officer selects force options, and when evaluating whether an officer has used reasonable force. The Department recognizes that officers are expected to make split-second decisions and that the amount of time available to evaluate and respond to a situation may impact the officer's decision.

b. By establishing a policy that includes a use of force continuum the Department hopes to provide additional guidance to officers in making those split-second decisions. Examples of factors which may affect an officer's force option selection include:

1. Officer/subject factors (age, size, comparative strength, skill level, injury, exhaustion, number of officers versus number of subjects.

2. Influence of drugs or alcohol.

3. Proximity of weapons.

4. Availability of other options.

5. Seriousness of offense in question.

6. Other exigent circumstances.

7. Degree of perceived risk to officer(s).

c. Examples of force may include:

1. Professional presence and persuasion through dialogue.

2. Restraining by physical holding, grasping, or moving.

3. Compliance by discomfort from the application of Oleoresin Capsicum (O.C.) Spray to the eyes, nose and mouth,

4. Compliance with the application of pain or some other physical force.

5. Impedance with impact weapons.

6. Stopping with the use of deadly force.

These examples are intended to only be a guide for officers when faced with a situation that may involve the application of force.

Certain circumstances may warrant an accelerated reaction using a higher degree of force in the initial stage of the contact in lieu of the lesser degrees of force. This must be determined by the individual officer, who is faced with the totality of the circumstances at the time the decision to use force is made.

d. Reporting and reviewing individual use of force incidents.

Reportable Force Defined:

An incident wherein officers pursuant to their official capacity use a level of force above the "Restrain/Detain" level of force, or any incident in which an injury or complaint of injury occurs during the course of contact with a subject.

Officers Responsibilities:

Officers using reportable force shall:

1. Obtain medical assistance for officers or others who have sustained injuries or complaint of injury, or who have been rendered unconscious;

2. Notify their supervisor as soon as circumstances permit.

3. Document the use of force in an arrest/crime or officer's report.

   Officers observing a use of reportable force who do not believe the spirit and intent of the reporting requirements are being met shall advise their supervisor.

e. Supervisor Responsibilities:

When a supervisor becomes aware of the use of reportable force the supervisor shall:

1. Review the incident.

2. Document and forward the findings to the Chief of Police via the chain of command.
   (revised 3/93 G.O. 93-02)
   (revised 1/98)