1   Olu K. Orange, Esq. , SBN: 213653
2   ORANGE LAW OFFICES
    Equitable Plaza Tower
3   3435 Wilshire Blvd., Suite 2900
4   Los Angeles, California 90010
    Telephone: (310) 815-8600
5   Fax: (775) 416-9221

6
7   <u>Attorney for Plaintiff</u>

8            **UNITED STATES DISTRICT COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

10

11  EDWARDO RAMOS,                          Case No.: CV07-4706 PA (JCx)

12                        Plaintiff,        PLAINTIFF'S SECOND
                                            SUPPLEMENTAL BRIEF IN
13          vs.                             SUPPORT OF MOTION TO COMPEL
                                            FURTHER RESPONSES TO
14  THE CITY OF CULVER CITY, JOHN           REQUESTS FOR PRODUCTION
    MONTANIO, ADAM TREANOR,                 PROPOUNDED ON DEFENDANT
15  CHARLES KOFFMAN, ANDREW                 CITY OF CULVER CITY:
    BELLANTE, MARCUS COLEN, BRIAN           DECLARATION: EXHIBITS
16  HEMPEL, CURTIS MASSEY AND DOES
17  1 THROUGH 10                            DATE: April 1, 2007
                                            TIME:  9:30 am / LOC: Ct. #20 (Spring)
18                        Defendants.       DISC CUT: 5/19/08 - TRIAL: 07/29/08
19
20
21                                          District Judge:
                                            Hon. Percy Anderson
22                                          **Magistrate Judge:**
23                                          **Hon. Jacqueline Chooljian**
24

25  **TO THE COURT ALL PARTIES AND THEIR ATTORNEYS OF RECORD,**
26
    **PLEASE TAKE NOTICE:** PLAINTIFF EDWARDO RAMOS HEREBY
27
    INCORPORATES BY REFERENCE AND SUPPLEMENTS HIS FEBRUARY 26, 2008,
28

Page 1

1  NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS

2  (Docket No. 44) UPON THE FOLLOWING GROUNDS AND AS SET FORTH HEREIN

3  BELOW.

4

5  **POINTS AND AUTHORITIES**

6

7  ## I.    INTRODUCTION

8          Plaintiff avails himself of the Court's gracious indulgence and submits this

9  supplement in an earnest attempt to clarify those areas of concern identified by the Court

10  in its March 21, 2008, minute order. Plaintiff has, and continues to, attempt to be as

11  clear as possible for the Court. As to Plaintiff's position on compliance, only defendants

12  are in a position to know whether they have done an exhaustive search and fully

13  complied. Plaintiff requests complete discovery in order to make any further indications

14  on Defendant's compliance. Plaintiff also requests discovery in order to support his

15  claims. Indeed, per Kelly v. San Jose:

16          *On the other hand, courts obviously must be careful not to pre-judge the*

17          *merits of claims whose strength may be demonstrable only after the very*

18          *discovery that is in issue. Given the elusiveness of proof of some kinds of*

19          *civil rights claims (especially those that turn on proof that defendants acted*

20          *with improper motives or an evil heart), and the importance of the policies*

21          *that inform civil rights laws, it is especially important that judges give*

22          *plaintiffs in these matters a fully reasonable opportunity to develop*

23          *evidence in support of their claims. Doubts must be resolved, at the*

24          *discovery stage, in favor of the claimant.* Kelly v. San Jose, 114 F.R.D.

25          653, 666 (D. Cal. 1987)

26

27  //

28  //

PLAINTIFF'S SUPPLEMENT TO MOTION TO COMPEL

## II.   DISPUTED DISCOVERY REQUESTS

**REQUEST FOR PRODUCTION NO. 3:**

Every writing maintained, received or generated by you, or available to you, which mentions, or is in any way related to, Edwardo Ramos. Be advised that "writing" as defined herein above includes all audio and video recordings.

**COURT'S REQUEST FOR CLARIFICATION:**

*Consequently, absent an affirmative written advisement to the contrary by plaintiff in plaintiff's supplemental brief, the court will not further address this request.*

**PLAINTIFF'S SECOND SUPPLEMENTAL CONTENTIONS RE REQUEST FOR PRODUCTION NO. 3:**

Plaintiff believes that no discrepancy as to the scope of this request currently exists between the parties and that defendants are aware of their duties as to discovery compliance under the Federal Rules of Civil Procedure. Not knowing what exists in the first place, Plaintiff cannot reasonably take a position on exhaustive compliance.

**REQUEST FOR PRODUCTION NO. 4:**

Every writing maintained, received or generated by you, or available to you, related to police officer training, certification, continuing professional education, review, authorization or approval thereof for every individual defendant named in this lawsuit.

**COURT'S REQUEST FOR CLARIFICATION:**

*Defendants suggest that the only portions of this request which remain outstanding relate to: (1) whether defendants have waived privacy and official information privilege objections based upon the timing of the provision of a privilege log; (2) whether, assuming no waiver, the documents identified on the privilege log*

1  *(which consist entirely of performance evaluations of the individual defendants) must be*
2  *produced; and (3) whether defendants must produce other documents establishing*
3  *"authorization or approval of training."*

4    *The court cannot discern from plaintiff's cross-brief whether plaintiff agrees that*
5  *these are the only items relating to request no. 4 which remain in issue. Nor can the*
6  *court discern whether it is plaintiff's position that the third category of documents is*
7  *encompassed within the items on the privilege log or refers to other unspecified*
8  *documents. Consequently, plaintiff is directed to clarify these matters in his*
9  *supplemental brief.*

10

11  **PLAINTIFF'S SECOND SUPPLEMENTAL CONTENTIONS RE REQUEST**
12  **FOR PRODUCTION NO. 4:**

13    Plaintiff is not in a position to know whether there are other documents outside
14  the description identified by the categories set forth by defendants, nor in a position to
15  know how defendants interpret their own descriptions. Thus, plaintiff is in disagreement
16  with defendants' contention that those are the only outstanding areas.

17    Plaintiffs requested:
18    *"Every writing maintained, received or generated by you, or available to*
19    *you, related to police officer training, certification, continuing*
20    *professional education, review, authorization or approval thereof for*
21    *every individual defendant named in this lawsuit."*

22

23    In defining "writing," because plaintiff can in no way know for certain how
24  defendants describe their documents, categorically or individually, Plaintiff set forth in
25  the instructions/definitions portion of the requests:

26    *"The term "WRITING" shall include all things defined in Federal Rule of*
27    *Evidence 1001 and includes, without limitation, all written, recorded,*
28    *transcribed, punched, taped (including computer tapes), filmed,*

Page 4

1    *photographed, videotaped, tape-recorded, printed or other matter, of*

2    *every kind and description, however produced or reproduced, and*

3    *however preserved, including information contained on computer disk,*

4    *CD-ROM, computer hard drive, server, microfiche, film, videotape,*

5    *audiotape or otherwise, including but not limited to the original and any*

6    *copy and all drafts, of any letter, memorandum, telegram, report,*

7    *manual, bulletin, study, record, statement, message, hand written note,*

8    *calendar, diary, working paper, sketch, computer tape, data sheet, data*

9    *card, tape recording, or any other written, printed or recorded matter,*

10   *books, letters, pamphlets, correspondence, memoranda, reports,*

11   *manuals, training bulletins, Special Orders, crime reports, preliminary*

12   *investigation reports, investigation reports, arrest reports, evidence*

13   *reports, equipment reports, vehicle reports, sergeant's reports, sergeant's*

14   *daily reports, station commander's reports, supervisor's reports, watch*

15   *commander's reports, lieutenant's reports, use of force reports, follow-up*

16   *reports, Daily Work Sheet reports, Daily Field Activities Reports,*

17   *employee injury reports, telephone calls, radio transmissions,*

18   *surveillance video, surveillance audio, mobile audio-video unit*

19   *recordings, personnel complaint investigations, citizen complaint*

20   *investigations, chronologies, logs, notes, drafts of any written document,*

21   *minutes of meetings, interview tapes and transcriptions, California Tort*

22   *Claim investigations and all other physically preserved documentary*

23   *information, regardless of the medium of preservation, however*

24   *produced or reproduced, from whatever source obtained, in the*

25   *defendant's possession or control, or subject to its control, or to which it*

26   *has access. "WRITING" shall also include originals and all non-*

27   *identical copies. Copies which differ by reason of notations or electronic*

28   *encodings thereon are considered "nonidentical" copies.*

Page 5

Moreover, in defendants' response, defendant has not indicated that the items on the privilege log are all it can produce after an exhaustive search in response to the inquiry. In fact, EVERY document identified or produced by defendants is done *"In the spirit of cooperation and discovery, and without waiving the foregoing objections ..."* (see EXHIBIT B). Plaintiff is unable to discern whether defendants are complying with an enforceable discovery obligation under the FRCP, or withholding some items -- but producing other items, just to be nice "in the spirit of cooperation."

Accordingly, Plaintiff's position is that every "writing" related to the topics identified in Plaintiff's discovery request, and as defined, must be produced. Based upon defendants' confusing answer, Plaintiff cannot agree that items (1) through (3) are the only outstanding items remaining at issue relating to request number four. Not knowing otherwise, Plaintiff must also take the position that the items identified in the privilege log do not fully encompass or satisfy the third category of documents.

**REQUEST FOR PRODUCTION NO. 5:**

For the past seven years, every writing maintained, received or generated by you, or available to you, related to, constituting, or purporting to be police reports of any kind (by way of example but not limitation: incident reports, arrest reports, crime reports, log entries, etc.) meeting all of the following criteria: (i) in any way mentioning any of the individual defendants named in this case, AND (ii) involving the arrest or detention of any person, AND (iii) wherein any person was indicated as injured and/or given medical treatment of any type or degree.

**COURT'S REQUEST FOR CLARIFICATION:**

*Plaintiff is directed forthwith to contact defendants' counsel to indicate whether or not he has a technical representative. If plaintiff advises defendants' counsel that he*

Page 6

*has a technical representative, the parties are directed expeditiously to arrange a meet and confer session for their technical representatives to see if a reasonable technically feasible accommodation could be reached relative to this document request.*

*If plaintiff does not have a technical representative, he should so advise the court in his supplemental brief. If plaintiff has a technical representative, the parties are to include in their supplemental briefs, the status of the meet and confer efforts of the technical representatives and any progress made.*

## PLAINTIFF'S SECOND SUPPLEMENTAL CONTENTIONS RE REQUEST FOR PRODUCTION NO. 5:

Per the Court's instructions, Plaintiff expeditiously secured a technical representative/expert. Plaintiff's technician, Mrs. Shawn Featherstone, conferred via conference call with Mr. Orange, Mr. Sarno, and two persons identified by Mr. Sarno as being persons most knowledgeable from the Culver City Police Department about their database system, Lt. Chris Maddox and Ofc. Mark Young.

While it does appear that the Culver City Police Department is in disarray regarding its database, Plaintiff's technician is of the opinion that it is possible to extract the data necessary to satisfy (i) the Court's inquiries posed in its Minute Order of March 21st, and (ii) Request for Production No. 5 posed by Plaintiff (see EXHIBIT A; FEATHERSTONE DECLARATION). Accordingly, plaintiff reiterates his request for the Court to order production.

## REQUESTS FOR PRODUCTION NOS. 6 & 9:

**[NO. 6]** For the past seven years, every writing maintained, received or generated by you, or available to you, related to any, discipline, sanctions, investigations, review, personnel complaints, claims for damages or other complaints made, or actions taken against, related to, or concerning any of the individual defendants named in this case

1  whether taken or initiated by you, or by prior employing entities or agencies.

2

3  **[NO. 9]** Every writing maintained, received or generated by you, or available to you,

4  related to agreements, reached in the past seven years, to settle claims or allegations of

5  police misconduct by any of the individual defendants named in this case.

6

7  **COURT'S REQUEST FOR CLARIFICATION:**

8  *Defendants are directed in their supplemental brief to clarify the period for which they*

9  *have searched for and produced responsive documents. Plaintiff is directed in his*

10  *supplemental brief to clarify whether the only remaining issue in dispute is defendants'*

11  *production of responsive documents for the period of July 22, 1999 to November 2001.*

12

13  **PLAINTIFF'S SECOND SUPPLEMENTAL CONTENTIONS RE REQUESTS**

14  **FOR PRODUCTION NO. 6 & 9:**

15         As explained herein above, Plaintiff cannot speculate as to whether defendant has

16  produced every writing satisfying Requests for Production Nos. 6 & 9, from December

17  2001 to July 2006, because defendant has the information and Plaintiff does not.

18  However, in response to the Court's inquiry, Plaintiff does contend that "writings"

19  produced in response to this request should also encompass July of 1999 up through and

20  including November of 2001.

21

22  **REQUEST FOR PRODUCTION NO. 10:**

23  Your use of force manual, police procedures manual, investigative manual, police

24  department manual and all writings related to, or purporting to be rules and regulations

25  as to police practices, training, conduct and operations, both the current versions, and the

26  versions in effect as of January 1, 2006 through December 30, 2006.

27

28  **COURT'S REQUEST FOR CLARIFICATION:**

*Plaintiff is ordered to address why the section of the requested manual already produced is insufficient, and how the production of the requested manual as a whole, as opposed to a more limited section thereof, is relevant or reasonably calculated to lead to the discovery of admissible evidence.*

**PLAINTIFF'S SECOND SUPPLEMENTAL CONTENTIONS RE REQUEST FOR PRODUCTION NO. 10:**

Everything police officers do is dictated by a policy of some sort. Whether its the length of a mustache, times to take lunch breaks or apprehension of suspects, one or more policies determines police officer conduct -- for everything.

The basis for municipal liability is rooted in policy, defacto, or dejure. Indeed, the policy of permitting an absence of policy is itself a basis for liability. These policies, or absences thereof, are very often reflected in written documents. Moreover, individual liability may be supported, and in some cases established, by violation of a stated policy.

Sparing the Court the standard recitation of introductory facts, Mr. Ramos contends that he has been unlawfully treated from the point at which Culver City Police Department officers saw him until the point at which they released him from their custody. In addition, he contends that failures in training, discipline and supervision at points prior to his encounter with the officers led to his unlawful treatment. Police officer training, discipline and supervision are also subject to, or sometimes embody, policies.

Plaintiff cannot possibly know what the current sections/headings/etc. of the Culver City Police Department's manuals, nor how many types of manuals there actually happen to be, having not seen them. However, by way of example and not limitation, Plaintiff contends that the following claims/stages of his encounter are relevant to the following topics which should be included in a manual or embodied in written policy:

[(organized by) INCIDENT TOPIC: policy topic]

(1) IDENTIFICATION OF MR. RAMOS AS A SUSPECT: Identification of persons as suspects and/or investigation thereof. Definition of probable cause. Definition of reasonable suspicion. Racial profiling. Behavioral profiling. Clothing-based profiling.

(2) IDENTIFICATION OF OFFICERS: Identification of self to persons as an officer of the law. Circumstances where necessary/ not necessary.

(3) CHASE OF MR. RAMOS: Foot pursuit procedures. Vehicle pursuit procedures. Procedures/Circumstances for requesting airborne patrol assistance (a helicopter was requested).

(4) ASSESSMENT OF MR. RAMOS AS A THREAT: Offensive positions and actions. Defensive positions and actions. Behavioral observations. Behavioral profiling.

(5) APPREHENSION OF MR. RAMOS: Use of force procedures. Procedures for drawing firearm. Policies and/or procedures for strikes above the shoulders. Procedures for closed hand strikes vs. open hand, etc.

(6) FAILURE OF OTHER OFFICERS TO INTERVENE TO PREVENT INJURY TO MR. RAMOS: Intervention. Ethical duties. Bystander liability.

PLAINTIFF'S SUPPLEMENT TO MOTION TO COMPEL

(7) MEDICAL TREATMENT GIVEN TO MR. RAMOS WHEN TAKEN TO HOSPITAL: Documentation of injury. Time within which medical treatment to be provided. Appropriate treatment providers.

(8) INCARCERATION OF MR. RAMOS: Jail procedures. Jail medical observation/treatment procedures. Release procedures.

(9) REPORTING AS TO ITEMS 1 THROUGH 8

The capitalized portions of items 1 through 9 all identify actions taken by the Culver City Police Department relative to Mr. Ramos. In his Complaint, he has claimed wrongdoing as to each item. The stated policies and procedures of the Culver City Police Department as to items 1 through 9 are (a) reasonably calculated to lead to the discovery of admissible evidence, and (b) relevant because, depending on what they are, they make more or less probable the existence of a defacto or dejure policy of practice that led to Mr. Ramos injuries in the context of violations complained of.

For example, if any of the policies embodied in topics stated above were violated by actions taken by the individual defendants in their interaction with Mr. Ramos, his claims are stronger. If they were violated continuously, but never enforced via effective discipline or re-training, assuming training in the first place, Mr. Ramos municipal claims are stronger. If there are no violations and/or effective training, Mr. Ramos' claims are weaker. Every policy and/or procedure related to every phase of Mr. Ramos' encounter and/or training, supervision and discipline is relevant and reasonably calculated to lead to admissible information, and should be produced. Indeed, per Soto v. City of Concord:

PLAINTIFF'S SUPPLEMENT TO MOTION TO COMPEL

1
2
3
4
5
6

7

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

28

*"Plaintiff requests the Court to compel production of; for the period 1985 to the current date, all police guidelines, directives, policy statements, procedures, and training materials, in any form and of any type, concerning, to any extent or degree, police policy, custom or practice regarding the discipline of officers generally, and specifically, discipline for the violation of constitutional rights.*

*Defendant objects on the grounds that the request is not relevant to any issue in this matter nor reasonably calculated to lead to discovery of admissible evidence. The existence or non-existence of adequate guidelines for disciplining officers is relevant to Plaintiff's claims against the city under the Monell analysis, because such evidence may show a pattern or practice of such civil rights violations alleged in the complaint. 436 U.S. 658, 698, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). In addition, Kelly encourages the disclosure of manuals, memoranda, guidelines, and other documents that reflect the policies of the police department. 114 F.R.D. at 666. "A police department's interest in not permitting the general public to have access to such materials may be weighty. . . . [but] the weight of law enforcement's interest drops dramatically, however, when a court imposes a tightly drawn protective order on the disclosure of such material, so that only counsel for plaintiff and perhaps his expert has access to it." Id. Thus, this Court concludes that police guidelines, policy statements, and other materials contained in Request No. 13 are relevant and will allow discovery of such material subject to the protective order which is attached to this opinion."* <u>Soto v. City of Concord,</u> 162 F.R.D. 603, 622 (D. Cal. 1995)

Page 12

1

### III.   <u>CONCLUSION</u>

2

3   To the extent any discovery requests in Plaintiff's <u>NOTICE OF MOTION AND</u>

4   <u>MOTION TO COMPEL PRODUCTION OF DOCUMENTS (Docket No. 44)</u> have not

5   been fully complied with by defendants, full compliance should be ordered. To the

6   extent that a protective order is necessary to facilitate the disclosure of any materials not

7   falling within the provisions of the California Public Records Act, Plaintiff is willing to

8   agree to such an order.

9

10  Respectfully submitted,                    ORANGE LAW OFFICES

11  DATE: 26 MARCH 2008.

12

13

14                                            Olu K. Orange, Esquire
                                             Attorney for Plaintiff
15  //

16  //

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S SUPPLEMENT TO MOTION TO COMPEL

1  **STATE OF CALIFORNIA** }
2  **COUNTY OF LOS ANGELES** }  ss.

3      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and
4  not a party to the within action; my business address is: 3435 Wilshire Blvd, Suite 2900, Los Angeles, California 90010.

5      On March 26, 2008, I served the following Documents: PLAINTIFF'S SECOND
6  SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO COMPEL FURTHER
7  RESPONSES TO REQUESTS FOR PRODUCTION PROPOUNDED ON
8  DEFENDANT CITY OF CULVER CITY: DECLARATION: EXHIBITS upon the interested parties in this action in addressed as follows:

9

10  **Justin R. Sarno, Esq.**
    Carpenter, Rothans & Dumont
11      888 S. Figueroa Street, Suite 1960
    Los Angeles, CA 90017
12      Email: jsarno@crdlaw.com
    FAX: (213) 228-0401
13

14  [ ]   **(By Mail [Federal])** <u>TO ANSWERING PARTY ONLY</u> I placed such envelope with
15  postage fully prepaid in the UNITED STATES POSTAL SERVICE at Los Angeles, California.

16  [X]   **(By Electronic Mail [Mutual Agreement or Court Order])** I attached the above-described
17  materials in PDF format to an e-mail message having a subject header including the case name and number in the instant case. I addressed said e-mail message to the recipient(s) by the e-mail
18  address(es) specified above and transmitted the e-mail message by clicking "send."

19  [ ]   **(Via Facsimile)** By transmitting from my business address a true copy thereof from my
20  sending facsimile machine addressed to each individual at its facsimile telephone number set forth above at the time indicated on the transmission verification line thereon.

21  **Executed on March 26, 2008, at Los Angeles, California.**

22  [X]   **(State)** I declare under penalty of perjury under the laws of the State of California that the
23  above is true and correct.
24  [X]   **(Federal)** I declare that I am employed in the office of a member of the bar of this Court at whose discretion the service was made.

25

26

27                                Olu K. Orange, Esq.

28

EXHIBIT A

# DECLARATION OF SHAWN FEATHERSTONE

**I, SHAWN FEATHERSTONE, declare as follows:**

1. I am over 18 years of age. My business address is 5030 Marburn Avenue, Los Angeles, CA   90043. If called and sworn as a witness, I could and would competently testify to the following based on personal knowledge or on my review or consideration of facts made known to me for purposes of this matter:

2. My qualifications include 22 years of experience in the field of Information Systems, with extensive experience in enterprise level data modeling and application design. I am the principal consultant of Baccus Group Database Design. As such, I provide technical expertise to a wide-range of organizations, developing custom database solutions and optimizing legacy systems. Prior to Baccus Group, I served as Database Development Manager for the Walt Disney Company in Burbank, California. My seven years at Disney, included service as the Technical Lead on the animation database migration project for the TV Animation division of the Walt Disney Company. Further, I have spoken at technology seminars throughout the U.S. and in England, on the topic of data normalizaton and best practices of database design

3. On Friday, March 21st, 2008, I was contacted by counsel, Olu K. Orange, for Plaintiff Edwardo Ramos in USDC-CACD Case No. CV07-4706, to assess the feasibility of extracting information from the Culver City Police Department's (hereafter "CCPD") information management database.

4. I have not yet had an opportunity to physically examine CCPD's database. However, on Tuesday, March 25th, 2008, I spoke with CCPD Lt. Chis Maddox, Ofc. Mark Young, Mr. Orange and Attorney Justin Sarno via conference call about the CCPD database. Officers Maddox and Young were indicated by Attorney Sarno as

1

1   being the two "persons most knowledgeable" about CCPD's database system. Prior
2   to the call, Mr. Orange provided me with (a) a copy of the issues the Court raised in
3   its Minute Order of March 21st, and (b) the wording of Plaintiff's Request For
4   Production Number 5, which I reviewed.

5

6       5. During the conference call the CCPD officers indicated that: (a) they have
7   been unable to accurately query their own database for a long time, (b) even using
8   multiple processes to execute queries has no guarantee of accuracy, (c) it is their
9   impression that the database is very convoluted, (d) they have "no idea" of how many
10  database tables there are in the database, and (e) [Officer Young] couldn't "tell you"
11  how many records are stored in the database.

12

13      6. However, the officers also indicated that: (f) the database engine is
14  "Microsoft SQL 2000," (g) it resides on Dell machines with Intel processors, (h) the
15  database system does contain all of the info, but to access it would require the
16  generation of custom queries, displays and assembly of information, and (i) you can
17  get information out of the database, "but it takes a lot of massaging."

18

19      7. In my education and experience, I know Microsoft SQL to be a very
20  common database, if not the most common world-wide. Additionally, regardless of
21  the type of custom overlay a SQL database may have (which the Officers indicated
22  as "Visionaire"), certain functionality is native to every SQL database.

23

24      8. Accordingly, upon my education and experience, and in consideration of
25  Items "a" through "i" in Paragraphs 5 and 6 herein above, it is my opinion that the
26  information the Court has indicated in its order, and the records Mr. Orange has
27  requested in the aforementioned discovery request, should effectively be able to be
28  extracted from the CCPD database system by a combination of (i) queries through

1  the existing user interface, (ii) direct queries to the back-end SQL database, and (iii)
2  data export to query the data in an external source/environment. To confirm and
3  execute the extraction, a database schema (structural map), and access to the CCPD
4  database are necessary.
5
6      I declare, under penalty of perjury under the laws of the State of California and
7  the United States of America, that the foregoing is true and correct, and that this
8  declaration was executed this 26th day of MARCH 2008, at Los Angeles, California.
9
10 Respectfully submitted,                    SHAWN FEATHERSTONE
11 DATE: 26 MARCH 2008.
12
13
14                                            Shawn Featherstone
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SHAWN FEATHERSTONE Declaration RE CCPD Database

EXHIBIT B

1  STEVEN J. ROTHANS – State Bar No. 106579
2  JUSTIN READE SARNO – State Bar No. 220903
   CARPENTER, ROTHANS & DUMONT
3  888 S. Figueroa Street, Suite 1960
   Los Angeles, CA 90017
   Phone: (213) 228-0400
4  Fax: (213) 228-0401
5  srothans@crdlaw.com/jsarno@crdlaw.com

6  Attorneys for Defendant, CITY OF CULVER CITY, a public entity

7

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

11  EDWARDO RAMOS,                    ) Case No.: CV 07-4706 PA (JCx)
                                      )
12          Plaintiff,                ) **DEFENDANT CITY OF CULVER**
                                      ) **CITY'S SECOND SUPPLEMENTAL**
13      vs.                           ) **RESPONSE TO REQUEST FOR**
                                      ) **PRODUCTION OF DOCUMENTS**
14                                    ) **[SET ONE]**
                                      )
15  THE CITY OF CULVER CITY,          ) **[F.R.C.P. 34]**
    JOHN MONTANIO, ADAM               )
16  TREANOR, CHARLES KOFFMAN,         )
                                      )
17          Defendant.                )
                                      ) **United States District Court Judge**
18                                    ) **Honorable Percy Anderson**

19  REQUESTING PARTY:        Plaintiff, EDWARDO RAMOS

20  RESPONDING PARTY:        Defendant CITY OF CULVER CITY,

21                           a public entity

22  SET NUMBER:              ONE (1)

23

24          COMES NOW Defendant, CITY OF CULVER CITY, a public entity, and

25  pursuant to Federal Rules of Civil Procedure, Rule 34, hereby submits its

26  Second Supplemental Response to Plaintiff's Request for Identification and

27  Production of Documents [Set One], propounded by Plaintiff EDWARDO

28  RAMOS, on or about December 5, 2007, as follows:

-1-

1    **PRIVILEGE LOG**

2      *Every writing maintained, received or generated by you, or available to*

3   *you, which mentions, or is in any way related to, Edwardo Ramos. Be advised*

4   *that "writing" as defined herein above includes all audio and video recordings.*

5

6   <u>**SUPPLEMENTAL RESPONSE TO REQUEST NO. 3:**</u>

7      Defendant CITY OF CULVER CITY hereby produces the following

8   documents, submitted collectively and designated hereto as Exhibit "A":

9          1.    Field Information Cards relative to EDWARDO RAMOS,

10   D.O.B., 4/20/1987, dated 7/22/06 and 6/11/06 [BATES NO. 000001-000002];

11          2.    Los Angeles County Booking & Property Record, RE:

12   EDWARDO RAMOS, Booking No. 9019019, dated 4/26/06 [BATES NO.

13   000003];

14          3.    Live Scan Transaction Agency Notification, for Booking No.

15   9019019, dated 4/26/06 [BATES NO. 000004];

16          4.    Arrest Report, Culver City Police Department, RE:

17   EDWARDO RAMOS, dated 4/26/06, Booking Officer ANDREW BELLANTE

18   [BATES NO. 000005];

19          5.    Incident Report, Case Number 06-002217, dated 4/26/06

20   [BATES NO. 000006];

21          6.    Incident Report, Additional Persons, dated 4/26/06 [BATES

22   NO. 000007];

23          7.    Incident Report, Narrative, dated 4/26/06, by ANDREW

24   BELLANTE, and OFFICER MYERS [BATES NO. 000008-000012];

25          8.    Culver City Police Department, Evidence Report, dated

26   4/26/06 [BATES NO. 000013-000014];

27          9.    Department of California Highway Patrol, Vehicle Report,

28   dated 4/26/06 [BATES NO. 000015-000017];

1        10.    Follow Up Report by Detective Garacochea, dated 4/27/06,

2 regarding EDWARDO RAMOS [BATES NO. 000018-000019];

3        11.    Los Angeles County Booking & Property Record, RE:

4 EDWARDO RAMOS, Booking No. 9019019, dated 4/26/06 [duplicate, without

5 OCA No.] [BATES NO. 000020].

6        12.    Los Angeles County Unified Arrestee Medical Screening

7 Form, Booking No. 9019019, dated 4/26/06 [BATES NO. 000021];

8        13.    Culver City Police Department Inmate Classification

9 Questionnaire, RE: Booking No. 9019019 [BATES NO. 000022];

10        14.    Culver City Police Department Suicide Prevention Screening

11 Form, RE: EDWARDO RAMOS, dated 4/26/06 [BATES NO. 000023];

12        15.    City of Culver City, Culver City Police Department,

13 Complaint Status Form, DR #06-2217, date of arrest, 4/26/06 [BATES NO.

14 000024];

15        16.    Los Angeles County Booking & Property Record, RE:

16 EDWARDO RAMOS, Booking No. 8937259, dated 2/21/06 [BATES NO.

17 000025];

18        17.    CWS Warrant Abstract, RE: EDWARDO RAMOS, date

19 issued 4/26/06 [BATES NO. 000026];

20        18.    Live Scan Transaction Agency Notification, for Booking No.

21 8937259, dated 2/21/06 [BATES NO. 000027];

22        19.    Arrest Report, Culver City Police Department, RE:

23 EDWARDO RAMOS, dated 2/21/06, Booking Officer Purnell [BATES NO.

24 000028];

25        20.    Incident Report, Case Number 06-000958, dated 2/21/06

26 [BATES NO. 000029];

27        21.    Incident Report, Offenses/Property/Vehicles/Drugs, ORI#

28 CA0191800, dated 2/21/06 [BATES NO. 000030];

1         22.    Incident Report, Narrative, dated 2/21/06, by Officer Purnell

2   [BATES NO. 000031];

3         23.    Culver City Police Department, Evidence Report, dated

4   3/13/06 [BATES NO. 000032-000033];

5         24.    Los Angeles County Regional Identification System

6   Notification, dated 2/21/06, RE: EDWARDO RAMOS, Booking Number

7   8937259 [BATES NO. 000034];

8         25.    Department of Police, Culver City California, Authorization

9   for Change of Charge or Release of Prisoner, RE: Booking No. 8937259

10   [BATES NO. 000035];

11         26.    Booking Information Sheet, RE: Booking No. 8937259

12   [BATES NO. 000036];

13         27.    Culver City Police Department Suicide Prevention Screening

14   Form, dated 2/21/06 [BATES NO. 000037];

15         28.    Culver City Police Department, Inmate Classification

16   Questionnaire, RE: Booking No. 8937259 [BATES NO. 000038];

17         29.    Los Angeles County Unified Arrestee Medical Screening

18   Form, RE: Booking #8937259, dated 2/21/06 [BATES NO. 000039];

19         30.    Los Angeles County Sheriff's Department Scientific Services

20   Bureau Laboratory Report, prepared by Susan Perez, Senior Criminalist, dated

21   3/7/06 [BATES NO. 000040];

22         31.    City of Culver City, Culver City Police Department,

23   Complaint Status Form, RE: EDWARDO RAMOS, RE: DR# 06-0958 [BATES

24   NO. 000041];

25         32.    Correspondence from Police Department, City of Culver

26   City, RE: 06-0958, Booking No. 8937259, charging EDWARDO RAMOS with

27   violation of Section 11350(A) of the Health & Safety Code (possession of

28   controlled substance), dated 3/15/06 [BATES NO. 000042];

1    33.    City of Culver City Police Department Notice to Appear,
2  dated 10/12/02, RE: EDWARDO RAMOS [BATES NO. 000043];
3    34.    City of Culver City, Correction Request, RE: Citation No.
4  T593038 [BATES NO. 000043];
5    35.    Culver City Police Department correspondence notice to
6  EDWARDO RAMOS, RE: Citation No. T593038, from Lt. Wally DuVal,
7  regarding citation correction information, dated 10/14/02 [BATES NO. 000044];
8    36.    Juvenile Custody Report, RE: EDWARDO RAMOS, dated
9  10/12/02 [BATES NO. 000045];
10    37.    Incident Report, Case Number 02-006462, dated 10/12/02
11  [BATES NO. 000046];
12    38.    Incident Report, Additional Persons, Case Number 02-
13  006462, dated 10/12/02 [BATES NO. 000047];
14    39.    Incident Report, Offenses/Property/Vehicles/Drugs, Case
15  Number 02-006462, dated 10/12/02 [BATES NO. 000048];
16    40.    Incident Report, Narrative, Case Number 02-006462, by
17  Officer Zerbey, dated 10/12/02 [BATES NO. 000049-000051];
18    41.    Culver City Police Department, Evidence Report, Incident #
19  02-006462, Report Date: 10/13/02 [BATES NO. 000052];
20    42.    Juvenile Investigation Report, Culver City Police
21  Department, date 10/13/02, DR #02-6462 [BATES NO. 000053];
22    43.    Print out RE: EDWARDO RAMOS, Requested by Terminal
23  CU0L, dated 10/13/02 [BATES NO. 000054-000055].
24    A diligent search and a reasonable inquiry have been made in an effort to
25  comply with this request, and no other documents or writings (including audio
26  or video recordings) responsive to this request have been located.
27  ///
28  ///

DEFENDANT CITY OF CULVER CITY'S SECOND SUPPLEMENTAL
RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS [SET ONE]

1    ~~REQUEST NO. 4~~

2         *Every writing maintained, received or generated by you, or available to*

3    *you, related to police officer training, certification, continuing pr̶o̶f̶e̶s̶s̶io̶nal*

4    *education, review, authorization or ap̶p̶r̶o̶v̶a̶l̶ ̶t̶h̶e̶r̶e̶o̶f̶ ̶f̶o̶r̶ ̶e̶v̶e̶r̶y̶ ̶i̶n̶d̶i̶v̶i̶dual*

5    *defendant named in this lawsuit.*

6

7    **SUPPLEMENTAL RESPONSE TO REQUEST NO. 4:**

8    OBJECTION:

9         This request is overly broad as to the meaning and scope of its enumerated

10   sub-categories.  For example, the request seeks documents related to categories

11   ranging from "police officer training," to "certification" to "continuing

12   professional education" to "review," "authorization," and "approval" thereof.

13   As such, this request begs the question as to what topic of training, certification,

14   or continuing professional education this request suggests, if any.  Furthermore,

15   this request is overly broad as to its time-frame, which is otherwise unspecified.

16        More so, this request is vague, ambiguous and unintelligible as phrased.

17   In particular, the terms and phrases "training," "certification," "continuing

18   professional education," "review" and "authorization" are vague, ambiguous and

19   unintelligible so as to make a response impossible without speculation as to the

20   meaning of the request.  Additionally, this request seeks information which is

21   beyond the scope of permissible discovery, where such information is not

22   relevant to the subject matter or reasonably calculated to lead to the discovery of

23   admissible evidence.

24        Moreover, this request contains subparts and is more than a single request

25   as it relates to numerous discrete topics [handling and charging individuals] and

26   numerous discrete categories of materials, and as such is not set forth with

27   "reasonable particularity."  [See F.R.C.P. Rule 34(b); see also Safeco of

28   America v. Rawstron, 181 F.R.D. 441 (C.D.Cal. 1998)].

1       Furthermore, this request is overly burdensome and oppressive and

2  without reasonable limitation in its time and scope, as it does not specify the

3  applicable time period for which this request is directed and potentially

4  encompasses policies that are ~~not relevant~~ to the instant litigation.  See

5  Konczakowski v. Paramount Pictures, Inc., 20 F.R.D. 588 (D.C. N.Y. 1957)

6  (finding that requests were objectionable where information sought related to

7  activities of defendants for period of more than twenty years).

8       Finally, this request potentially seeks privileged information, constitutes

9  an invasion of the right of privacy of employees of the CITY OF CULVER

10  CITY, and violates the tenets of Pitchess v. Superior Court, 11 Cal.3d 531

11  (1974), as well as the federal right of privacy as guaranteed by the U.S.

12  Constitution, amendments V and XIV, respectively.  Furthermore, said

13  information is protected by the Official Information Privilege, Fed. Rules Civ.

14  Proc. Rule 26(c), 28 U.S.C.A.  See attached Privilege Log; Declaration of

15  CHIEF DON PEDERSEN in support thereof.

16       In the spirit of cooperation and discovery, and without waiving the

17  foregoing objections, Defendant CITY OF CULVER CITY hereby identifies

18  and produces the following documents which are responsive to this request, and

19  are submitted collectively and designated hereto as Exhibit "B":

20       1.    Commission on Peace Officer Standards and Training,

21  Confidential Profile Report, RE: OFFICER ADAM TREANOR [BATES NO.

22  000056-000057];

23       2.    Commission on Peace Officer Standards and Training,

24  Confidential Profile Report, RE: OFFICER CHARLES KOFFMAN [BATES

25  NO. 000058-000059];

26       3.    Commission on Peace Officer Standards and Training,

27  Confidential Profile Report, RE: OFFICER ANDREW BELLANTE [BATES

28  NO. 000060];

1         4.     Commission on Peace Officer Standards and Training,

2  Confidential Profile Report, RE: OFFICER MARCUS COLEN [BATES NO.

3  000061];

4         5.     Commission on Peace Officer Standards and Training,

5  Confidential Profile Report, RE: SGT. CURTIS MASSEY [BATES NO.

6  000062-000063].

7         6.     Privilege Log with respect to all Culver City Police

8  Department Personnel Evaluations/Reviews, relative to OFFICER ADAM

9  TREANOR, OFFICER CHARLES KOFFMAN, OFFICER ANDREW

10  BELLANTE, OFFICER MARCUS COLEN, OFFICER BRIAN HEMPEL, and

11  SGT. CURTIS MASSEY. [BATES NO. 000064-000076]; see also Declaration

12  of CHIEF DON PEDERSEN in support thereof.

13

14  **REQUEST NO. 5:**

15     *For the past seven years, every writing maintained, received or generated*

16  *by you, or available to you, related to, constituting, or purporting to be police*

17  *reports of any kind (by way of example but not limitation: incident reports,*

18  *arrest reports, crime reports, log entries, etc.) meeting all of the following*

19  *criteria: (i) in any way mentioning any of the individual defendants named in*

20  *this case, AND (ii) involving the arrest or detention of any person, AND (iii)*

21  *wherein any person was indicated as injured and/or given medical treatment of*

22  *any type or degree.*

23

24  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 5:**

25     After a reasonable, diligent, and comprehensive search of the Culver City

26  Police Department database, Defendant hereby responds as follows: it is not

27  within the capability of the CITY OF CULVER CITY Police Department's

28  records database to search for police reports in the generalized and overly broad

1   manner ~~requested. It is respectfully submitted that the search~~ for responsive

2   documents, based upon the criteria set forth in the subject request, would

3   literally require the CITY OF CULVER CITY to manually access each and

4   every police report in existence for the past seven years, and perform individual

5   "word searches" within the body of the individual reports, with respect to

6   otherwise vague and unspecified search terms such as "injuries," "arrests," and

7   the names of each of the individual officers who are parties to the instant

8   litigation. Such a search would encompass reviewing potentially tens of

9   thousands of reports, is not possible given the search limitations of the Culver

10  City Police Department records database, and is respectfully impractical, and

11  burdensome and oppressive under the circumstances.

12

13  **REQUEST NO. 6:**

14  *For the past seven years, every writing maintained, received or generated*

15  *by you, or available to you, related to any, discipline, sanctions, investigations,*

16  *review, personnel complaints, claims for damages or other complaints made, or*

17  *actions taken against, related to, or concerning any of the individual defendants*

18  *named in this case whether taken or initiated by you, or by prior employing*

19  *entities or agencies.*

20

21  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 6:**

22       A diligent search and a reasonable inquiry have been made in an effort to

23  comply with this request, and the only documents or writings responsive to this

24  request for the time period of December 2001 through July 2006 are submitted

25  collectively and designated hereto as Exhibit "C":

26             1.    Claim for Damages in the matter of *Bryant Bracy v. City of*

27  *Culver City, et. al.* [BATES NO. 000077-000078];

28

1           2.     Settlement Agreement & Release in the matter of *Bryant*

2  *Bracy v. City of Culver City* [BATES NO. 000079-000092].

3

4  **RE~~QUEST~~ NO. 9:**

5      *Every writing maintained, received or generated by you, or available to*

6  *you, related to agreements, reached in the past seven years, to settle claims or*

7  *allegations of police misconduct by any of the individual defendants named in*

8  *this case.*

9

10  **RESPONSE TO REQUEST NO. 9:**

11      A diligent search and a reasonable inquiry have been made in an effort to

12  comply with this request, and the only documents or writings responsive to this

13  request for the time period of December 2001 through July 2006 are submitted

14  collectively and designated hereto as Exhibit "C":

15         1.     Claim for Damages in the matter of *Bryant Bracy v. City of*

16  *Culver City, et. al.* [BATES NO. 000077-000078];

17         2.     Settlement Agreement & Release in the matter of *Bryant*

18  *Bracy v. City of Culver City* [BATES NO. 000079-000092].

19

20  **REQUEST NO. 10:**

21      Your use of force manual, police procedures manual, investigative

22  manual, police department manual and all writings related to, or purporting to be

23  rules and regulations as to police practices, training, conduct and operations,

24  both the current versions, and the versions in effect as of January 1, 2006

25  through December 30, 2006.

26

27  **RESPONSE TO REQUEST NO. 10:**

28      Defendant CITY OF CULVER CITY hereby responds as follows: on or

1    about February 12, 2008, counsel for responding party produced that portion of
2    the Culver City Police Department use of force manual that deals specifically
3    with the type of force (*i.e.*, less than lethal) that was used at the time of the
4    subject incident in this case.

5         Said portion of the Culver City Police Department's use of force manual,
6    is again provided hereto, submitted and attached hereto as Exhibit "D."
7    [BATES NO. 000093-000095].

8    DATED:  March 14, 2008       CARPENTER, ROTHANS & DUMONT

9

10                      By:

11                          STEVEN J. ROTHANS

12                          JUSTIN READE SARNO

13                          Attorneys for Defendant,
                            CITY OF CULVER CITY,

14                          a public entity

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT CITY OF CULVER CITY'S SECOND SUPPLEMENTAL
RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS [SET ONE]